[Civ. No. 1913.   First Appellate District.—December 13, 1916.]

## LILLIE HERNAN, Appellant, v. OUR LADY'S HOME (a Corporation), Respondent.

CONTRACT—PURCHASE OF LIFE MEMBERSHIP IN HOME—OPTION TO TER-
MINATE UPON DISSATISFACTION—RIGHT NOT EXERCISED.—A written
agreement whereby a corporation conducting a home for the aged,
in consideration of the payment to it of a sum of money, obligated
itself to provide the person paying the money with board, lodging,
and medical attendance during the remainder of his life, is not ter-
minated under the provision of the agreement reciting that if either
of the parties thereto became dissatisfied one with the other, it was
optional with either to terminate it, and in that event the money
paid should be returned to such person less a certain sum per month
for the time that he remained in the institution, by the service upon
the corporation of a notice of termination prepared by such person's
attorney at a time when such person had left the institution, but
not served until fifteen days after he had again returned thereto
and two days before his death.

APPEAL from an order of the Superior Court of the City
and County of San Francisco denying a new trial.   J. M.
Seawell, Judge.

The facts are stated in the opinion of the court.

William A. Nunlist, for Appellant.

James Gartlan, for Respondent.

THE COURT.—On the twenty-seventh day of June, 1907,
the defendant corporation entered into a written agreement
with one Patrick Hayes, plaintiff's testator, whereby, in con-
sideration of the sum of one thousand nine hundred dollars
paid to it by Patrick Hayes, the defendant obligated itself to
provide him with board, lodging, and medical attendance dur-
ing the remainder of his life.   The agreement also provided
that if either of the parties thereto became dissatisfied one with
the other, it was optional with either to terminate it, and, in
the event of such termination, the money paid was to be re-
turned to Patrick Hayes, less thirty dollars per month for the
time he had remained with the defendant.   After being in the

home for a little more than a month, Hayes became dissatisfied with the life there, and requested his attorney to procure a return to him of his money. The attorney, thinking that his client's dissatisfaction was but temporary, deferred taking any action in the matter, but on September 3, 1907, finding him insistent, he prepared a notice stating that Hayes elected to terminate the contract and to have refunded to him the amount thereupon due. This notice was not served upon the defendant until September 20th. In the meantime, on September 5th, after a short absence Hayes returned to the institution conducted by the defendant very ill, and the defendants, in order that better care and medical treatment might be furnished Hayes, had him removed to St. Mary's Hospital, where, at defendant's expense, he remained until his death, on September 22d. At the time of the service of the notice of termination of the contract Patrick Hayes was unconscious, from which condition he did not recover until the following day, in the afternoon, at which time he told one of the sisters in attendance upon him that he was not dissatisfied with the home, that he did not want his money back, and that if he should die it was his wish that the money paid by him to the defendant should be retained by it.

Plaintiff's contention to the contrary notwithstanding, we think the court did find that the decedent was not dissatisfied with Our Lady's Home, and we also think such finding is sustained by the evidence. In our opinion the notice alone did not terminate the contract. The record shows that the decedent, on the third day of September, instructed his attorney to terminate the contract. On the 5th of September Patrick Hayes was taken seriously ill and remained until his death under the care of the defendant. On September 20th, when perhaps it was discovered that the decedent's illness . would probably prove fatal, the notice of termination was served. But, as just stated, the decedent continued all this time a member of the home, and on September 21st repudiated any steps that he theretofore had directed to be taken looking to a dissolution of his arrangement with the defendant. We think the court was correct in arriving at the conclusion it did.

The order denying the motion for a new trial is affirmed.